UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEVITA BREWER,

        Petitioner,

v.

        Case No. 19-cv-1162-pp

UNITED STATES OF AMERICA

        Respondent.

**ORDER SCREENING MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 1), DISMISSING GROUND TWO AND REQUIRING PETITIONER TO FILE AN AMENDED §2255 MOTION**

**I.    Background**

In June of 2017, a grand jury returned an indictment charging the petitioner with eight counts: (1) conspiracy to commit arson of a building; (2) arson; (3) motor vehicle robbery; (4) using a firearm during a crime of violence; (5) attempted Hobbs Act Robbery; (6) using a firearm during a crime of violence; (7) arson of building resulting in injury; and (8) arson of building. United States v. Levita Brewer, Case No. 17-cr-105-PP, Dkt. No. 1 (E.D. Wis. June 6, 2017). Six months later, an executed plea agreement was filed, id. at dkt. no. 16, and on December 19, 2017, the court accepted the petitioner's guilty plea on count seven—arson of building resulting in injury, id. at dkt. no. 17. On April 12, 2018, the court sentenced the petitioner to 120 months of incarceration followed by five years supervised release. Id. at Dkt. No. 24-25.

1

The court entered judgment six days later and dismissed the remaining counts of the indictment.[1] Id. at Dkt. No. 25. The petitioner did not file an appeal.

On August 12, 2019, the petitioner filed this motion to vacate her sentence under 28 U.S.C. §2255. Brewer v. United States, Case No. 19-cv-1162, at Dkt. No. 1 (E.D. Wis. Aug. 12, 2019). The motion alleged two grounds for relief. First, the petitioner argued that her lawyer "fail[ed] to file a notice of appeal after sentencing when one was requested pursuant to 'Garza v. Idaho' 139 S. Ct. 738 (2/27/2019)." Dkt. No. 1 at 4. Second, the petitioner alleged that she "is convicted of a 'crime of violence' that may now be deemed unconstitutional pursuant to recent Supreme court decision in 'U.S. v. Davis[.]'"

**II. Analysis**

The first thing a court must do in a proceeding under §2255 is review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 proceedings provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing §2255 Proceedings. A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of

---

[1] The court entered an amended judgment on May 1, 2018, id. at dkt. no. 27, but the amended judgment does not impact the court's screening analysis.

2

the United States, that the court did not have jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers only whether the petitioner has raised claims that can be adjudicated in a section §2255 proceeding, whether the petitioner has exhausted her claims and whether she filed the motion within the limitations period.[2]

### A. Ground One: Ineffective Assistance of Counsel

The petitioner argues that she directed her counsel, attorney Kathleen Quinn, to file a notice of appeal after sentencing but that counsel did not do so. Dkt. No. 1 at 4. She cites United States Supreme Court case, Garza v. Idaho, ___ U.S. ___, 139 S. Ct. 738 (2019). Id. She does not provide any details about what she would have liked to challenge on appeal; she states only that her counsel did not file an appeal as directed.

Garza reiterated the principle that in a Sixth Amendment ineffective assistance of counsel claim, "prejudice is presumed 'when counsel's

---

[2] The court questions whether the petitioner's motion was timely filed. The court entered the amended judgment on May 1, 2018. Section 2255(f)(1) requires a person to file a §2255 motion within one year of the date on which the judgment of conviction becomes final. Fed. R. App. P. 4(b)(1)(A) requires a criminal defendant to file her notice of appeal within fourteen days after the court enters judgment—in this case, by May 15, 2018. That is the date on which the petitioner's judgment became final. A year from May 15, 2018 was May 15, 2019. While the petitioner's August 13, 2019 motion appears to be untimely, the court understands that the petitioner argues that her lawyer did not file the notice of appeal, and the court does not know when she discovered that. In case 28 U.S.C. §2255(f)(4) may come into play, the court will not dismiss the motion at this stage.

3

constitutionally deficient performance deprives a defendant of an appeal that [s]he otherwise would have taken.'" Garza, 139 S.Ct. at 744 (quoting Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)). The Garza court took this presumption a step further, holding that prejudice can be presumed in the ineffective assistance of counsel analysis even where the petitioner's plea agreement included a waiver of appeal. Id.

The petitioner did not file a notice of appeal in her underlying criminal case. See Brewer, Case No. 17-cr-105. Normally, the failure to raise a claim on direct appeal prohibits the court from considering it in a §2255 motion. Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) ("[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted."). There is an exception, however, for claims of ineffective assistance of counsel, which may be brought for the first time in a §2255 motion. Massaro v. United States, 538 U.S. 500, 504 (2003); United States v. James, 635 F.3d 909, 916 (7th Cir. 2011).

The problem with the petitioner's motion is that she does not identify any basis for the proposed appeal. The petitioner says that she directed attorney Quinn to file a notice of appeal and that attorney Quinn did not do so. The petitioner does not, however, explain *why* she believed an appeal would have been fruitful. She does not explain whether she wished to challenge the sentence the court imposed or the voluntariness of her guilty plea. Without that information, the court cannot evaluate the potential viability of the

4

petitioner's ineffective assistance of counsel claim. It will not dismiss the claim at this stage but will require the petitioner to file an amended motion that provides additional information about the ineffective assistance of counsel claim. The amended motion must explain why the petitioner believes she had a valid basis for appealing, and what she would have wanted to argue on appeal. If the petitioner does not file the amended motion by the date provided below, the court will dismiss the case.

B.     Ground Two: Claim under United States v. Davis

The petitioner's second ground argues that under United States v. Davis, 139 S. Ct. 2319 (2019), her conviction may be unconstitutional. In Davis, the Supreme Court examined 18 U.S.C. §924(c), which "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of' any federal 'crime of violence or drug trafficking crime.'" Davis, 139 S.Ct. at 2324. The statute defines "crime of violence" in "two subparts—the first known as the elements clause, and the second [known as] the residual clause." Id. Under §924(c)(3), a "crime of violence" is an "offense that is a felony and—

>    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. §924(c)(3). Davis analyzed subsection (B)—the residual clause—and found it unconstitutionally vague. Id. at 2336. The petitioner says that she was

5

convicted of a carrying a firearm during a crime of violence, and argues that that conviction may be unconstitutional under Davis.

The court will not allow the petitioner to proceed on a Davis claim because the petitioner was not convicted of a crime under 18 U.S.C. §924(c); the court dismissed those counts on the government's motion as part of the parties' plea agreement. United States v. Brewer, Case No. 17-cr-105, at Dkt. No. 25 (E.D. Wis. Apr. 18, 2018). The indictment included two counts charging violations of 18 U.S.C. §924(c). But in the plea agreement, the government agreed to ask the court to dismiss all counts of the indictment except for count seven, arson of building resulting in injury under 18 U.S.C. §844(i) and 2. United States v. Brewer, 17-cr-105 at Dkt. No. 16, ¶8. The court accepted the petitioner's guilty plea, id. at dkt. no. 17, and at sentencing, it granted the government's motion to dismiss the remaining counts—including the counts under 18 U.S.C. §924(c), id. at dkt. no. 24, page 3. The only conviction for which the petitioner is serving a sentence is the conviction under 18 U.S.C. §844(i) and 2, arson of a building resulting in injury. The Davis court's holding has no application to the petitioner's case and the court cannot allow her to proceed on this ground.

### III. Conclusion

The court **ORDERS** that the petitioner must file an amended motion under 28 U.S.C. §2255, providing more facts about her ineffective assistance of counsel claim, in time for the court to receive it by the end of the day on **September 11, 2020**. If the court does not receive an amended petition by the

6

end of the day on Friday, September 11, 2020, the court will dismiss the petition on the following business day without further notice or hearing.

The court **DISMISSES** Ground Two of the petitioner's motion.

Dated in Milwaukee, Wisconsin this 14th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**